IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN COLORADO WATER CONSERVANCY DISTRICT, a quasi-municipal entity and political subdivision of the State of Colorado, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-637C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and avers as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are denied.

3. Admits the first sentence of paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; but avers that Article 22 of the contract is unenforceable and invalid. Denies the second sentence of paragraph 3.

4. Admits.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations contained in the first and second sentences of paragraph 6 are conclusions of law and plaintiff's characterization of its complaint to which no response is

required; to the extent they are deemed allegations of fact, defendant denies that plaintiff is due any damages whatsoever. Denies the allegations contained in the third sentence of paragraph 6 that plaintiff "is not able to calculate with certainty" the damage it seeks for lack of knowledge or information sufficient to form a belief as to their truth; admits the allegations that relevant "records and data are within the control of" defendant and not within the possession of plaintiff.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent that the Secretary of the Interior executed the 1938 Repayment Contract on behalf of the United States.

8. The allegations contained in paragraph 8 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent that the Secretary of the Interior delegated to the Commissioner of Reclamation the authority to administer repayment contracts.

9. Admit the first sentence of paragraph 9. The allegations contained in the second sentence of paragraph 9 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent that the Bureau of Reclamation administers the 1938 Repayment Contract and jointly operates with plaintiff the Colorado-Big Thompson Project.

10. Admits.

11. The allegations contained in the first sentence of paragraph 11 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the contract

which is the best evidence of its contents. Admits the second sentence of paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; but avers that Article 22 of the contract is unenforceable and invalid.

12. Admits the allegations contained in the first and second sentences of paragraph 12 to the extent supported by the contract cited or the amendments referred to, which are the best evidence of their contents. Admits the third sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; avers that the provisions stating that revenues "shall be credited equally" to the plaintiff and the defendant and that revenues derived from carriage through the Continental Divide Tunnel "shall be the property of" the plaintiff are unenforceable and invalid. Admits the allegations in the fourth sentence of Paragraph 12; avers that the 1938 Repayment Contract has been supplemented by, among other things, a December 21, 2000 agreement to recognize plaintiff's repayment obligation associated with a Safety of Dams Act project and that the Secretary will notify plaintiffs when the total repayment obligation associated with this Safety of Dams Act project has been calculated.

13. Admits to the extent supported by the amendatory contract which is the best evidence of its contents.

14. Denies; avers that the cited amendatory contract provides, in Article 9, for the distribution of revenues "[n]otwithstanding any provisions to the contrary as set out in" the 1938 Repayment Contract.

15. Admits to the extent supported by the contract which is the best evidence of its contents.

16. Denies; avers that the cited statute provides the authority to enter into a contract and

that the cited statute is a statement of law, which is the best evidence of its contents.

17. Admits the extent supported by the contract which is the best evidence of its contents.

18. Admits the allegations of the contained in the first sentence of paragraph 18. Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the contract, which is the best evidence of its contents.

19. Admits the extent supported by the contract which is the best evidence of its contents.

20. Admits the allegations of the contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20 to the extent supported by the contract, which is the best evidence of its contents.

21. Admits the allegations in the first sentence of paragraph 21 that "both Loveland and Berthoud have made payments required by their respective Carriage Contracts;" denies the remainder of the allegations contained in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 21 that "money was due" to plaintiff under the 1938 Repayment Contract are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 21 that defendant has "refused to pay to" plaintiff any money collected from Loveland and Berthoud.

22. Denies the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation

contained in the second sentence of paragraph 22 that the Windy Gap Contract expires in 2025 to the extent supported by the contract cited which is the best evidence of its contents; otherwise denies the balance of the allegations in the second sentence of paragraph 22 for lack of knowledge or information sufficient to for a belief as to their truth. The allegations contained in the third sentence of paragraph 22 are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are denied.

23. The allegations contained in the first sentence of paragraph 23 certain "amounts were due" plaintiff "pursuant to Article 22 of the 1938 Repayment Contract" are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they are deemed allegations of fact, they are denied; admits the allegations contained in the second sentence of paragraph 23 that Reclamation has in its possession the records to determine the amounts of money paid by Loveland and Berthoud under their respective Carriage Contracts; denies the balance of the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Our responses to paragraphs 1 through 23 are incorporated by reference, as though set out in full.

25. Denies.

26. Our responses to paragraphs 1 through 25 are incorporated by reference, as though set out in full.

27. Denies.

28. Our responses to paragraphs 1 through 27 are incorporated by reference, as though

set out in full.

29. Denies.

30. Denies that plaintiff is entitled to the relief set forth in the paragraph starting "Wherefore" immediately following paragraph 29.

31. Denies each and every allegation not previously admitted or otherwise qualified.

Wherefore, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY R. BUCHHOLZ
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 616-0315
Fax: (202) 514-8624

OF COUNSEL:
John C. Chaffin
Attorney-Advisor
Department of Interior

December 21, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 21, 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee
BRYANT G. SNEE