IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN COLORADO WATER CONSERVANCY DISTRICT, a quasi-municipal entity and political subdivision of the State of Colorado, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-637C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC, Appendix A, the parties respectfully submit the following Joint Preliminary Status Report:

(a) Does the Court have jurisdiction over the action?

Plaintiff asserts that this Court has jurisdiction. Defendant sees no basis upon which to challenge jurisdiction at this time.

(b) Should the case be consolidated with any other case and, if so, why?

No.

(c) Should trial of liability and damages be bifurcated and, if so, why?

No, but the parties agree it is appropriate to address, sequentially, first liability and then damages. See response to(g), below.

(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and if so, why?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No.

(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

No.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Yes. Both parties currently believe that this matter may be resolved based upon cross-motions for summary judgment, pursuant to RCFC 56. The parties intend to first brief and argue the liability issues in the case. In the event, that plaintiff prevails upon liability, the parties would then address damages issues, either through stipulation or, if necessary, litigation.

The parties also currently anticipate that discovery related to liability likely would be limited to production of available documents through either the "early

disclosure" process required by Rule 26 (a)(1) or through "informal" discovery between the parties. During the "early meeting of counsel" conducted in accordance with section II, of Appendix A of the rules of this Court, counsel discussed the scope of possibly relevant documents and defendant undertook to ascertain whether any relevant documents existed, to estimate their quantity, and to make all non-privileged documents available to plaintiff.

Based upon these assumptions, the parties propose the following schedule for proceedings in this matter:

| | |
|---|---|
| 1. Early Disclosures/ Rule 26(a)(1): | March 14, 2008 |
| 2. Plaintiffs' Motion for SJ: | June 20, 2008 |
| 3. Defendant's Response & Cross-Motion for SJ: | August 22, 2008 |
| 4. Plaintiff's Reply/Response: | September 19, 2008 |
| 5. Defendant's Reply: | October 17, 2008 |
| 6. Oral Argument: | At Court's convenience |

In the event that our assumptions concerning the scope of document production or the need for additional discovery are erroneous, we will alert the Court and seek an appropriate adjustment of the schedule.

(h) What are the relevant factual and legal issues?

The case appears to turn on the enforceability and validity of a contract clause.

In 1938, plaintiff and defendant entered into a contract concerning the construction and operation of the Colorado-Big Thompson Project, which is a federal reclamation project that provides water and other benefits to project beneficiaries. The contract included a clause which states that Plaintiff is entitled to certain revenues generated from the use of the project facilities. Defendant takes the position that this contractual provision is invalid and that all revenues belong to the United States.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Given that the issue appears to principally be a legal question and given that the parties have continuing interest in this matter, the likelihood of settlement is unknown. However, ADR procedures would not be of assistance in this case.

(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request an expedited trial scheduling and, if so, why?

No. As indicated in response to (g), above, the parties currently anticipate that this matter can be resolved by dispositive motions. If that turns out to be incorrect, then the parties will address with the Court the need for a trial.

(k) Are there special issues regarding electronic case management needs?

No.

(l) Is there other information of which the Court should be aware at this time?

No.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 616-0315
Fax: (202) 514-8624

s/Bennett W. Raley
BENNETT W. RALEY
ROBERT V. TROUT
PEGGY E. MONTANO
1120 Lincoln Street
Suite 1600
Denver, CO 80203
Tele: (303) 861-1963
Fax: (303) 832-4465

Attorneys for Plaintiff

February 11, 2008

Of Counsel:
JOHN CHAFFIN
ROD SMITH

Attorneys for Defendant

February 11, 2008

CERTIFICATE OF FILING

I hereby certify that on February 11, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee
BRYANT G. SNEE